IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARLA HORTON                                                                                           PLAINTIFF

VS.                                      CASE NO. 4:11CV00911 JMM

CHANNEL, ET AL.                                                                                    DEFENDANTS

**ORDER**

Pending before the Court is Defendants' second Motion to Dismiss Plaintiff's Amended Compliant and Plaintiff's response. For the reasons stated below the motion is granted in part and denied in part (#13). Plaintiff's Title VII gender discrimination claim is dismissed and Plaintiff's FMLA retaliation claim remains.

Plaintiff brings this lawsuit alleging violation of the Family Medical Leave Act ("FMLA"), Title VII, 42 U.S.C. § 1983, the Arkansas Civil Rights Act ("ACRA"), and the Arkansas Constitution. Defendants' Federal Rule of Civil Procedure 12(b)(6) motion contends Plaintiff's Amended Complaint fails to state a claim of FMLA interference and that the Court lacks jurisdiction over Plaintiff's Title VII Gender Discrimination claim.

Plaintiff, in her response, does not object to the dismissal of her Title VII gender discrimination claim. However, she does object to dismissal of her FMLA interference claim contending she has alleged sufficient facts to state such a claim.

When analyzing a Rule 12(b)(6) motion, the Court construes the complaint in the light most favorable to the nonmoving party. *Ritchie v. St. Louis Jewish Ligfht*, 630 F.3d 713, 715-16 (8th Cir. 2011). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.' " *Northstar Indus., Inc. v.*

1

*Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1940121 F3d 446, 173 L.Ed.2d 868 (2009).

There are two types of claims under the FMLA: "(1) 'interference' or '(a)(1)' claims in which the employee alleges that an employer denied or interfered with his substantive rights under the FMLA and (2) 'retaliation' or '(a)(2)' claims in which the employee alleges that the employer discriminated against him for exercising his FMLA rights." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir.2006) (citing 29 U.S.C. § 2615(a)(1)-(2)). Defendants concede that Plaintiff has stated sufficient facts to state a retaliation claim, but deny that she has stated an interference claim because she has failed to allege facts that she was prevented from taking FMLA leave.

The FMLA's anti-interference provision encompasses more than an employer's mere denial of an employee's request for FMLA leave. *See Stallings v. Hussmann Corp.*, 447 F.3d at 1050; *Throneberry v. McGEhee Desha County Hosp.*, 403 F.3d 972 (8th Cir. 2005). "An employer is prohibited from interfering with, restraining, or denying an employee's exercise of or attempted exercise of any right contained in the FMLA." *Stallings,* 447 at 1050 (citing 29 U.S.C. § 2615(a)(1)). "Interference includes 'not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. It would also include manipulation by a covered employer to avoid responsibilities under FMLA.'" *Id*. (citing 29 C.F.R. § 825.220(b)). "An employer's action that deters an employee from participating in protected activities

constitutes an 'interference' or 'restraint' of the employee's exercise of his rights." *Id.* The Eighth Circuit has held that "every discharge of an employee while he is taking FMLA leave interferes with an employee's FMLA rights." *Throneberry*, 403 F.3d at 980. Moreover, "[a]n employer 'cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under 'no fault' attendance policies.'" *Ballato v. Comcast Corp.*, 676 F.3d 768, 772 (8th Cir. 2012) (citing 29 C.F.R. § 825.220(c)).

Plaintiff's amended complaint states that (1) she gave notice of the need of FMLA leave; (2) she was accused of faking illness; (3) she was accused of not calling in when she was ill; and (4) she was terminated on the day she returned to work from FMLA leave.

At this stage of the litigation, the Court finds that Plaintiff has alleged sufficient facts to state an interference claim.

IT IS SO ORDERED THIS   24   day of   July  , 2012.

James M. Moody
United States District Judge